**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **REBECCA WILLIAMS,** )( | |
| )( | **CASE NO.** _____ |
| **Plaintiff** )( | |
| )( | |
| **v.** )( | |
| )( | |
| **SERES ENGINEERING & SERVICES,** )( | |
| **LLC,** )( | |
| )( | **JURY TRIAL DEMANDED** |
| **Defendant.** )( | |

## COMPLAINT

COMES NOW REBECCA WILLIAMS, Plaintiff in the above-captioned matter and files her COMPLAINT showing this Court the following:

## INTRODUCTION

1.

This Complaint is an action for unlawful sex/gender discrimination and retaliation under Title VII of Civil Rights Act of 1964 ("Title VII"), 42. U.S.C. § 2000(e), *et. seq.*, and unlawful disability discrimination and retaliation under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111.

2.

By letter dated February 12, 2024, Plaintiff received a notice of her right to sue from the Equal Employment Opportunity Commission. A copy of that right to sue notice is attached hereto as Exhibit "A". This Complaint is filed within ninety (90) days of Plaintiff's receipt of her right to sue notice.

## JURISDICTION AND VENUE

3.

This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

4.

Venue is proper in this Court because Defendant maintains a principal place of business in this judicial district, Plaintiff performed employment services for Defendant in this judicial district, and the acts complained of occurred in this judicial district.

## PARTIES

5.

Plaintiff is an individual residing in Cochran, Georgia. The employment services which she performed for Defendant were performed in and around Warner Robins, Houston County, Georgia.

6.

Defendant Seres Engineering & Services, LLC ("Defendant Seres") is a foreign limited liability company which is registered to transact business in the State of Georgia. Defendant Seres may be served with process by service upon its registered agent as follows:

> Seres Engineering & Services, LLC
> c/o Corporation Service Company
> 2 Sun Court, Suite 400
> Peachtree Corners, GA 30092

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.

Plaintiff Rebecca Williams ("Plaintiff Williams") began her employment with Defendant Seres in August, 2022. She was hired in August, 2022, with a start date of September 8, 2022.

8.

Defendant Seres is a government contractor who places civilian employees like Plaintiff Williams to work on Robins Air Force Base ("Robins "AFB") in Warner Robins, Georgia.

9.

Ms. Williams was hired as the Senior Ergonomics Specialist and worked for Defendant Seres at Robins AFB.

10.

Shortly after Ms. Williams was hired, she noticed that the Ergonomics Lead, Eric Fowler, would not give her access to certain parts of the computer database she needed to effectively do her job.

11.

Ms. Williams was without this needed computer access from September 8, 2022, until December 13, 2022, when she was finally given some limited access.

12.

Ms. Williams was not given full access to the computer system until February 22, 2023, and this happened only after she threatened to escalate the matter above Mr. Fowler's head.

13.

It was clear to Ms. Williams that Eric Fowler did not want her to have full computer access so that she could do her job.

14.

During the months and weeks leading up to May 17, 2023, a male custodian (non Seres employee) who worked at Robins AFB began coming to Ms. Williams' desk daily and making her feel uncomfortable.

15.

On May 17, 2023, Ms. Williams was in Ron Williams' (another non-Seres employee who worked on the base) office due to this custodian being in the building.

16.

Ms. Williams went to Mr. Williams' office in an attempt to avoid interaction with this custodian who was making her feel uncomfortable.

17.

Ms. Williams told Mr. Ron Williams that this custodian was making her feel uncomfortable and unsafe. Mr. Williams informed Ms. Williams that he was aware of this custodian's behavior, and that he had a history of "bothering women" and had actually been banned from another building on base because of this type of behavior.

18.

Mr. Ron Williams promised Ms. Rebecca Williams that he would speak with the custodian's supervisor and the harassing behavior would be stopped.

19.

The very next day, on May 18, 2023, Ms. Williams was approached by Mr. William (Bill) Nagel. Mr. Nagel held a supervisory position on Robins AFB.

20.

Mr. Nagel approached Ms. Williams on May 18, 2023, in the Ergo Lab where she was working.  Mr. Nagel was extremely aggressive with Ms. Williams, invaded her personal space, and raised his voice at her for reporting the conduct of the custodian to Mr. Williams.

21.

Mr. Nagel scolded and chastised Ms. Williams and told her that "she had better not make another similar report of harassment without coming to him first."  Mr. Nagel was upset because Ms. Williams had complained to a base employee and she had not kept her complaint quiet and within the direction of him.  Mr. Nagel was very threatening and hostile towards Ms. Williams in this encounter.

22.

Ms. Williams reported Mr. Nagel's hostile and harassing behavior the very next day, on May 19, 2023.  She reported this conduct to Candance Hunnicutt, Alex Lo and Jeff Smoak (all Seres employees and her superiors) via email.

23.

In response, Mr. Jeff Smoak promised Ms. Williams that her complaint would be taken seriously and investigated.

24.

In spite of that promise, Ms. Williams' complaint was never actually investigated at all.

25.

Ms. Williams was, however, allowed to work from home the week of May 22, 2023.

26.

During the week of May 22, 2023, Ms. Williams was verbally informed via phone by Alex Lo that the matter of her complaint had been "handled." That is all Ms. Williams was ever told about her complaint.

27.

On June 5, 2023, Ms. Williams witnessed another male who worked on the base threaten a co-worker, Candance Hunnicutt. As Ms. Williams was a witness to this incident, she was interviewed about it on June 7, 2023.

28.

During that interview (which included Alex Lo and Jeff Smoak), Ms. Williams brought up Eric Fowler's discrimination of her upon initial hire in him not giving her access to the computer database to do her job. She also complained again during this interview about the threats and harassment she had suffered at the hands of Bill Nagel for reporting the complaint about the custodian.

29.

During this interview, both Alex Lo and Jeff Smoak brushed off Ms. Williams' complaints as if none of them were legitimate or concerning.

30.

On June 11, 2023, Ms. Williams notified her Project Manager, Candance Hunnicutt, of her need to take a leave of absence due to a scheduled surgery (hysterectomy). Candance Hunnicutt contacted Dawn Brewer, Defendant Seres'

Program Administrator, via telephone to discuss what Ms. Williams needed to do to accomplish this medical need.  Ms. Williams then emailed Dawn Brewer on July 12, 2023, to see what paperwork she needed to fill out for the medical leave.  This email was sent prior to Ms. Williams being terminated.

31.

The very next day, on July 12, 2023, Ms. Williams was informed that her position was being eliminated and she was being terminated.

## COUNT I

### TANGIBLE EMPLOYMENT ACTION SEX/GENDER DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, AGAINST DEFENDANTS

32.

Ms. Williams re-alleges and incorporates by reference the foregoing paragraphs of her Complaint as if fully contained herein.

33.

Rebecca Williams is a woman and as such is a member of a group protected under Title VII from discrimination on the basis of her sex and gender.

34.

Defendant subjected Ms. Williams to discrimination in the terms and conditions of her employment because of her sex and gender.

35.

Ms. Williams was treated disparately at work because she is a woman.

36.

Ms. Williams was not given access to the computer to do her job upon hire because she is a woman.

37.

Ms. Williams' complaints about harassment at work were ignored because she is a woman.

38.

Ms. Williams was ultimately fired from her job because she is a woman.

39.

Ms. Williams sustained a tangible economic detriment resulting from Defendant's discrimination.

40.

Defendant's above-described discriminatory actions constitute a tangible employment action and violated Ms. Williams' right to be free from discrimination in the workplace guaranteed to her by Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e.

41.

Defendant, at all times relevant hereto, had actual and constructive knowledge of the above-described discriminatory conduct.

42.

As a direct and proximate result of Defendant's actions, Ms. Williams has and will continue to suffer lost wages, employment benefits, and job opportunities. Ms. Williams, therefore, is entitled to recover damages from Defendants in an amount to be proven at trial.

43.

As a further and proximate result of Defendant's violations of Title VII, Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has incurred, and will continue to incur, legal fees and costs. Thus, Ms. Williams requests that attorney's fees and costs be awarded.

44.

Defendant's discriminatory actions were intentional and done with malice and/or reckless indifference to Ms. Williams' federally protected rights and emotional and physical well-being. Ms. Williams therefore is entitled to recover punitive damages in an amount to be proven at trial.

**COUNT II**

**HOSTILE WORK ENVIRONMENT SEX/GENDER DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C § 2000, et seq.) AGAINST DEFENDANTS**

45.

Ms. Williams re-alleges the foregoing paragraphs of her Complaint as if fully stated herein.

46.

Ms. Williams is a woman and as such is a member of group protected under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)) from discrimination in the workplace.

47.

Defendants at all relevant times hereto had the authority and power to alter the terms and conditions of her employment with Defendants.

Defendant's discrimination was severe and pervasive, altered the terms and conditions of Ms. Williams' employment, and created a hostile working environment for her.

48.

Specifically, Ms. Williams was forced to endure sexual harassment, threatening and abusive behavior, which Defendant was fully aware of. Defendant, at all times relevant hereto, had actual and constructive knowledge of the above-described discriminatory, harassing and abusive conduct.

49.

In spite of this knowledge, Defendant took no action to stop or correct the discriminatory, harassing and abusive behavior.

50.

Defendant's discriminatory actions have caused Ms. Williams to suffer physical ailments, lost wages, employment benefits, and job opportunities. Ms. Williams therefore is entitled to damages in an amount to be proven at trial.

51.

As a further and proximate result of Defendant's Title VII violations, Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has

incurred, and will continue to incur, legal fees and costs. Thus, Ms. Williams requests that attorney's fees and costs be awarded.

52.

Defendant's discriminatory actions were intentional and done with malice and reckless indifference to Ms. Williams' federally protected rights. Ms. Williams therefore is entitled to recover punitive damages in an amount to be proven at trial.

## COUNT III

## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C § 2000, et seq.) AGAINST DEFENDANTS

53.

Ms. Williams re-alleges the foregoing paragraphs of her Complaint as if fully stated herein.

54.

Ms. Williams complained to her employer multiple times about the unequal treatment, sexual harassment, and abusive behavior.

55.

Ms. Williams specifically complained to Defendant Seres that she felt she was being discriminated against because she was a woman and was being harassed at work because she was a woman.

56.

Shortly after making these complaints, Defendant Seres retaliated against Ms. Williams by terminating her employment.

57.

Defendant Seres' decision to terminate Ms. Williams' employment was a result of her complaints about discrimination and harassment.

58.

Defendant's unlawful retaliatory actions have caused Ms. Williams to suffer physical ailments, lost wages, employment benefits, and job opportunities. Ms. Williams therefore is entitled to damages in an amount to be proven at trial.

59.

As a further and proximate result of Defendant's Title VII violations, Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has incurred, and will continue to incur, legal fees and costs. Thus, Ms. Williams requests that attorney's fees and costs be awarded.

60.

Defendant's retaliatory actions were intentional and done with malice and reckless indifference to Ms. Williams' federally protected rights. Ms. Williams therefore is entitled to recover punitive damages in an amount to be proven at trial.

## COUNT IV – FAILURE TO ACCOMMODATE

### Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117

61.

Ms. Williams re-alleges Paragraphs 1-60 of Plaintiff's Complaint as if fully stated herein.

62.

Plaintiff requested reasonable accommodation from Defendant Seres in the form of medical leave related to a serious health condition.

63.

Defendant Seres failed to accommodate Ms. Williams' request for medical leave to have surgery that she needed due to a serious health condition.

64.

The accommodation sought by Ms. Williams was reasonable and would not have created any undue hardship on Defendant.

65.

Defendant failed to accommodate Ms. Williams' medical condition by granting her medical leave.

66.

Defendant's failure to provide Ms. Williams with a reasonable accommodation as required by the Americans with Disabilities Act, constitutes unlawful discrimination in violation of 42 U.S.C. § 12111, et seq.

67.

Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

68.

Defendant is a "covered entity" under 42 U.S.C. § 12111(2).

69.

Defendant's discriminatory actions described above have caused Ms. Williams to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial. Further, Ms. Williams is

entitled to recover punitive damages from Defendant to punish Defendant and to deter them from such conduct in the future.

70.

As a further direct and proximate result of Defendant's violation of 42 U.S.C. § 12111, et seq., Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has incurred, and will continue to incur, legal fees and costs. Ms. Williams requests that attorney's fees and costs be awarded.

### COUNT V – TANGIBLE EMPLOYMENT ACTION

### Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117

Ms. Williams re-alleges Paragraphs 1-70 of Plaintiff's Complaint as if fully stated herein.

71.

Defendant's decision to terminate Ms. Williams' employment was directly related to, and caused by, her request for time off of work to undergo surgery.

72.

Ms. Williams suffered a tangible employment action—termination of her employment—because of Defendant's discriminatory decision to terminate her employment because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

73.

Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

74.

Defendant is a "covered entity" under 42 U.S.C. § 12111(2).

75.

Defendant's discriminatory actions described above have caused Ms. Williams to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial. Further, Ms. Williams is entitled to recover punitive damages from Defendant to punish Defendant and to deter them from such conduct in the future.

76.

As a further direct and proximate result of Defendant's violation of 42 U.S.C. § 12111, et seq., Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has incurred, and will continue to incur, legal fees and costs. Ms. Williams requests that attorney's fees and costs be awarded.

**COUNT VI - RETALIATION**

**Violation of the Americans with Disabilities Act of 1990,
42 U.S.C. §§ 12101-12117**

77.

Ms. Williams re-alleges Paragraphs 1-76 of Plaintiff's Complaint as if fully stated herein.

78.

Ms. Williams requested a reasonable accommodation from Defendant.

79.

In response, Defendant unlawfully retaliated against Ms. Williams by terminating her employment.

80.

Defendant's decision to terminate Ms. Williams' employment was directly related to, and caused by, her request for a reasonable accommodation for her disability.

81.

Defendant's actions violate 41 U.S.C. § 12203.

82.

Defendant's unlawful actions have caused Ms. Williams to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial.  Further, Ms. Williams is entitled to recover punitive damages from Defendant to punish Defendant and to deter them from such conduct in the future.

83.

As a further direct and proximate result of Defendant's violation of 42 U.S.C. § 12111, et seq., Ms. Williams has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and thereby has incurred, and will continue to incur, legal fees and costs.  Ms. Williams requests that attorney's fees and costs be awarded.

**WHEREFORE**, Plaintiff demands the following relief:

A. That the Court declare that the Defendant's actions complained of herein violate Plaintiff's rights secured under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq.;

B. that the Court permanently enjoin the Defendant from engaging in any employment policy or practice that discriminates or retaliates against individuals on the basis of sex, gender or disability;

C. that the Court order the Defendant to place Plaintiff in the same position she would have occupied absent the Defendant's unlawful actions, with all compensation and benefits she would have received in such position, or in the alternative, to award Plaintiff front pay, back pay, and benefits;

D. that compensatory and punitive damages be awarded to the Plaintiff against the Defendant, including damages for lost compensation and profits, physical injury, pain and suffering, medical expenses and emotional distress;

E. that the Plaintiff recover prejudgment interest on any awarded lost compensation and profits;

F. that the Court award Plaintiff her attorney's fees and costs;

G. that the Court award Plaintiff punitive damages against Defendant;

H. that the Plaintiff be awarded such other relief that the Court deems just and proper; and

I. that the within action be tried to a jury.

Respectfully submitted this 9th day of May, 2024.

                HOWELL LAW FIRM, P.C.

                ***/s/ Robert D. Howell***
                Ga. Bar No. 372598
                robert.howell@southgalaw.com
                P.O. Box 100
                Moultrie, Georgia 31776
                (229) 985-5300
                (229) 891-3378 - fax

                                                      Attorney for Plaintiff Rebecca Williams